UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENA RIPLEY,<br><br>        Plaintiff,<br><br>v.<br><br>ANDRE TORRES, et al.,<br><br>        Defendants. | Case No. 23-cv-02629-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

The motion to dismiss is granted because the complaint fails to state a claim for relief. This ruling assumes familiarity with the facts, the arguments made by the parties, and the applicable legal standard.[1]

1. Ripley's claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment. *Krainski v. Nevada ex rel. Board of Regents of the Nevada System of Higher Education*, 616 F.3d 963, 967 (9th Cir. 2010).

2. Ripley has not plausibly stated a Fourth Amendment claim. She does not adequately allege that the search warrant was issued without probable cause. See *Burton v. Spokane Police Department*, 383 F. App'x 671, 672–73 (9th Cir. 2010). Nor does Ripley adequately allege that the prison officials lacked reasonable, individualized suspicion that she was carrying contraband. *See Cates v. Stroud*, 976 F.3d 972, 980 (9th Cir. 2020). Her assertion that Torres's affidavit relied at best on race-based inferences is contradicted by the affidavit's detailed statement of

---

[1] The defendants' request to incorporate the search warrant and the underlying affidavit by reference is granted, because the complaint discusses their contents extensively. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). But the request is denied as to the consent form, which is neither referred to extensively nor key to Ripley's claims. *See id.*

probable cause based on Torres's investigation. Although Ripley alleges that this submission was materially false and misleading, she does not explain what made it so. *See* Fed. R. Civ. P. 9(b). Moreover, although prison visitors have a right to leave the prison rather than undergo an otherwise valid strip search, Ripley has not alleged that she did not feel free to leave. *See Cates*, 976 F.3d at 976, 982.

3. To the extent that Ripley is also bringing a claim for judicial deception, she hasn't identified any misrepresentation or omission that was material to the state court judge's decision to issue the warrant. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021).

4. Given how badly her allegations are contradicted by the warrant and affidavit, it seems highly unlikely Ripley will be able to fix the problems with her complaint. But in an abundance of caution, dismissal is with leave to amend. Any amended complaint is due within 21 days of this ruling. If no amended complaint is filed in time, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: December 20, 2023

VINCE CHHABRIA
United States District Judge